KALAMA M. LUI-KWAN, Bar No. 242121
kalama.lui-kwan@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415-477-5700
Facsimile:  415-477-5710

JAMES B. MANLEY, JR., *Pro Hac Vice Pending*
jim.manley@troutman.com
LINDSEY B. MANN, *Pro Hac Vice Pending*
lindsey.mann@troutman.com
W. ALEX SMITH, *Pro Hac Vice Pending*
alex.smith@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street, NE, Suite 3000
Atlanta, GA 30308
Telephone:  404.885.3000

Attorneys for Defendant
SPEEDY CASH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PETER KATO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SPEEDY CASH; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-8177<br><br>**DEFENDANT SPEEDY CASH'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441** |

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Speedy Cash hereby removes to this Court the state court action described below. In support of this Notice of Removal, Speedy Cash states the following:

## I.   BACKGROUND

1. Plaintiff Peter Kato initiated this putative class action against Speedy Cash in the Superior Court of the State of California for the County of Los Angeles, in the matter entitled *Peter Kato v. Speedy Cash*, Los Angeles County Superior Court Case No. 21STCV32788 (the "Underlying Action"). A copy of the complaint filed in the Underlying Action is attached hereto as **Exhibit A**.

2. Speedy Cash was served on September 15, 2021 with a copy of the summons and complaint filed in the Underlying Action. Copies of all process, pleadings, and orders served upon Speedy Cash are attached hereto as **Exhibit B**.

3. Speedy Cash filed an answer to the complaint in the Underlying Action on October 12, 2021. A true and correct copy of Speedy Cash's answer is attached hereto as **Exhibit C**.

4. This Notice of Removal of a civil action to the United States District Court for the Central District of California, Western Division, is being filed within thirty days after Speedy Cash was served on September 15, 2021 with a copy of the summons and complaint, which was the first document served on Speedy Cash in the Underlying Action. This Notice of Removal is filed on October 14, 2021.

## II.   GROUNDS FOR REMOVAL

5. The Underlying Action is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) (the "Class Action Fairness Act" or "CAFA") and is one that may be removed to this Court by Speedy Cash under the provisions of 28 U.S.C. §§ 1446 and 1453.

6. CAFA provides for original jurisdiction in federal court of any claim brought under Federal Rule of Civil Procedure 23 or any similar state statute authorizing a person to represent a class of claimants. 28 U.S.C. § 1332(d)(1)(B). The purported class must have at least one putative member who is of diverse citizenship to the defendant, 100 or more class members, and claims that in the aggregate exceed the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B). Because all of the above requirements are satisfied, this Court has original subject matter jurisdiction over this case.

### A. Covered Class Action

7. Plaintiff brings the Underlying Action "on behalf of himself individually, and on behalf of all others similarly situated." Ex. A ¶ 28. Plaintiff's complaint is styled as a "Class Action Complaint for Damages, Restitution and Injunctive Relief," contains a section entitled "Class Allegations," and prays that "this action be certified as the class action." *See generally* Ex. A. Accordingly, the Underlying Action is a class action appropriate for removal under CAFA. 28 U.S.C. § 1332(d)(1)(B).

### B. Diversity of Citizenship

8. CAFA's diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Plaintiff Peter Kato is a citizen of the State of California. Ex. A ¶¶ 10–11.

10. Defendant Speedy Cash is a Nevada corporation that maintains its principal place of business in Wichita, Kansas. *Id.* at ¶ 12; *see also* Declaration of Kate Anthony in Support of Notice of Removal of Action Under 28 U.S.C. § 1441 ("Anthony Decl.") ¶ 4, filed contemporaneously herewith. Speedy Cash therefore is a citizen of the States of Nevada and Kansas within the meaning of 28 U.S.C. § 1332(c)(1).

11. Accordingly, because at least one member of the putative class of plaintiffs is a citizen of a state (California) different from that of Speedy Cash (Nevada and Kansas), CAFA's minimum diversity requirements are satisfied. 28 U.S.C. § 1332(d)(2)(A).

### C. The Proposed Class Exceeds 100 Members

12. Under CAFA, there must be at least 100 members in a proposed class for the federal court to have original jurisdiction. 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff defines the putative class in this case to include "all persons within California who entered into a consumer loan agreement with Defendant that required them to pay in excess of the statutorily permitted interest rate or an otherwise unconscionable rate during the four years prior to the filing of this action through the date of filing." Ex. A ¶ 29.

14. Plaintiff alleges in his complaint that he believes the number of putative class members "to be in the several hundreds, if not thousands, making joinder of all these actions impracticable." *Id.* at ¶ 31.

15. Further, between the period of September 3, 2017 and September 3, 2021, Speedy Cash entered into loan agreements for amounts exceeding $2,500 with thousands of California-based customers. Anthony Decl. ¶ 8.

16. Thus, CAFA's 100-member threshold requirement is satisfied. 28 U.S.C. § 1332(d)(5)(B).

### D. The Amount in Controversy Exceeds $5,000,000

17. Pursuant to 28 U.S.C. § 1332(d)(2), this Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" Additionally, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000[.]" 28 U.S.C. § 1332(d)(6).

18. A defendant is required to include in its notice of removal "'only a

plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). A notice of removal "need not contain evidentiary submissions" to raise a plausible allegation that the amount in controversy is satisfied, *id.*, although a defendant can submit evidence in connection with its notice to support statements regarding the amount in controversy, *see, e.g.*, *Long v. Destination Maternity Corp.*, 2016 U.S. Dist. LEXIS 54323, at *13 (S.D. Cal. Apr. 21, 2016). In assessing the amount in controversy, "[a] removing defendant may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint." *Marano v. Liberty Mut. Grp., Inc.*, 2021 U.S. Dist. LEXIS 7708, at *4 (C.D. Cal. Jan. 14, 2021) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)).

19. The amount in controversy includes the amount a plaintiff could recover in restitution. A plaintiff that seeks restitution under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"), generally can recover the difference between what the plaintiff paid and the value of what the plaintiff received, although some courts have held that other measures of restitution may be appropriate in certain circumstances. *Krueger v. Wyeth, Inc.*, 396 F. Supp. 3d 931, 950–52 (S.D. Cal. 2019).

20. The amount in controversy also includes attorneys' fees, incurred before and after removal, that are recoverable by statute or contract. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

21. In this case, Plaintiff's claims arise out of consumer loans that Plaintiff alleges Speedy Cash issued to borrowers in the State of California. Ex. A ¶¶ 1, 29, 50–51. Plaintiff contends that Speedy Cash charged California borrowers interest rates that were "in excess of the statutorily permitted interest rate" or were "otherwise unconscionable." *Id.* at ¶¶ 29, 50–51. Plaintiff seeks to recover, among

other things, "Plaintiff's monthly payments" and classwide restitution of "all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice," as well as attorneys' fees and litigation expenses. *Id.*, Prayer for Relief ¶¶ E–G. While Speedy Cash denies Plaintiff or any putative class member is entitled to any of the relief sought in the complaint, the relief that Plaintiff seeks through classwide restitution and attorneys' fees far exceeds CAFA's $5,000,000 amount-in-controversy requirement.

22. <u>Restitution</u>. On his own behalf and on behalf of "several hundreds, if not thousands" of putative class members, Plaintiff seeks restitution of all monthly payments to Speedy Cash to the extent that the payments were "in excess of the statutorily permitted interest rate" or were "otherwise unconscionable." *Id.* at ¶¶ 29, 31, 50–51; Prayer for Relief ¶¶ E–F. Plaintiff contends that he was charged an interest rate of 95.737% APR on his $3,600 installment loan, which would have resulted in Plaintiff making "over $12,000 in loan payments" during the 45-month term of Plaintiff's loan. *Id.* at ¶¶ 15–17. Plaintiff made certain monthly payments on his loan. *Id.* at ¶ 19; Anthony Decl. ¶ 6. On or about September 4, 2018, Plaintiff paid the loan balance in full prior to the loan agreement's maturity date. Anthony Decl. ¶ 6.

23. Plaintiff does not identify in his complaint what he contends would have been a lawful interest rate on his loan. For the purposes of calculating the amount in controversy and in light of Plaintiff's allegation that Speedy Cash charged California borrowers interest rates that were "in excess of the statutorily permitted interest rate," Ex. A ¶ 29; *see also id.* at ¶¶ 50–51, Speedy Cash reasonably assumes that Plaintiff would contend that a "lawful" interest rate for a $3,600 loan would be 36 percent per annum plus the Federal Funds Rate, which is the lawful rate set by the California legislature on loans for amounts over $2,500 issued to California consumers on or after January 1, 2020. *See* Cal. Fin. Code § 22304.5(a). Assuming the truth of Plaintiff's allegations and that a lawful interest

rate on his installment loan would have been 36% per annum plus the Federal Funds Rate (1.16% on September 13, 2017), Plaintiff seeks to recover at least several hundred dollars in restitution on his installment loan, which represents the difference in the amount of interest Plaintiff paid on his installment loan and the amount of interest Plaintiff would have paid if Speedy Cash had charged a 37.16% interest rate on the same loan.  Anthony Decl. ¶ 7.  Plaintiff would have owed several thousand dollars less in interest on his loan had he made minimum payments through the full 45-month term.  *Id.*

24. Speedy Cash has reviewed its business records and has identified that between the period of September 3, 2017 and September 3, 2021, Speedy Cash issued more than seventy thousand installment loans for amounts over $2,500 with California-based customers.  *Id*. at ¶ 8.  The payment terms of Plaintiff's installment loan are reasonably representative of the payment terms of such loans that Speedy Cash issued to other California borrowers during this time period.  *Id*. as ¶ 9.  Plaintiff likewise asserts that his claims "are typical of the claims of the Class."  Ex. A ¶ 36.  Thus, because Plaintiff seeks to recover several hundred, if not several thousand, dollars in allegedly overpaid interest payments on each of the more than seventy thousand such loans made by Speedy Cash, the amount in controversy as to Plaintiff's restitution request exceeds $5,000,000.

25. <u>Attorneys' Fees</u>.  Plaintiff also seeks recovery of reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.  Ex. A ¶ 33(h); Prayer for Relief ¶ G.  An award of attorneys' fees, if such fees are specifically authorized by statute, may be considered for purposes of calculating the amount in controversy.  *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  If Plaintiff and/or the class succeeds on the UCL claim, recovery of attorneys' fees may be statutorily authorized.  *See* Code Civ. Proc. § 1021.5.  A potential award of attorneys' fees further increases the amount in controversy.

26. Thus, when added together, Plaintiff's requested classwide restitution

and potential statutory entitlement to attorneys' fees exceeds the sum of $5,000,000, exclusive of interest and costs, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).

### E. No CAFA Exclusions

27. This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d) because Speedy Cash is not a citizen of California, the state in which the Underlying Action originally was filed, and no other exclusion applies.

## III. ADDITIONAL REQUIREMENTS FOR REMOVAL

### A. Venue

28. Venue is proper in this Court because the district and division encompass Los Angeles County, California, and the Superior Court for Los Angeles County, the forum from which this action has been removed. 28 U.S.C. § 1441(a).

### B. Timeliness

29. This Notice of Removal is being filed within thirty days of service of the complaint on Speedy Cash. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

### C. Written Notice of Removal

30. After filing this Notice of Removal, Speedy Cash will promptly serve written notice of this Notice of Removal on counsel for Plaintiff and file the same with the Clerk of the Los Angeles County Superior Court, consistent with 28 U.S.C. § 1446(d).

31. This notice is being filed without prejudice to Speedy Cash's objections and defenses to the Underlying Action.

WHEREFORE, Defendant Speedy Cash respectfully removes this action, now pending in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California,

1  Western Division.

3  Dated: October 14, 2021          TROUTMAN PEPPER
                                     HAMILTON SANDERS LLP

5                                    By: */s/ Kalama M. Lui-Kwan*
                                         Kalama M. Lui-Kwan
6                                        James B. Manley, Jr.
                                         Lindsey B. Mann
7                                        W. Alex Smith

8                                        Attorneys for Defendant
                                         SPEEDY CASH

TROUTMAN PEPPER HAMILTON SANDERS LLP
THREE EMBARCARDERO CENTER, SUITE 800
SAN FRANCISCO, CA 94111